21-2241-cr
*United States v. Adams*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-one.

PRESENT:   PIERRE N. LEVAL,
               JOSÉ A. CABRANES,
               DENNY CHIN,
                         *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*

    v.                                                              21-2241-cr

MELVON ADAMS, AKA Sealed Defendant,

        *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Alexandra Rothman, Assistant United States Attorney, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | Christine Delince, The Law Offices of Onaodowan and Delince, PLLC, New York, NY. |

1

Appeal from an order, entered September 14, 2021, by the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 14, 2021 order of the District Court be and hereby is **AFFIRMED**.

Defendant Melvon Adams appeals from an order denying him bail pending trial on a charge of possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). We review a district court's bail determination for clear error and will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted). We detect no such error in this case.

Adams concedes that, given the nature of the present charge and the circumstances of his previous convictions, a "rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e)(2). In light of this statutory presumption, Adams bears "a limited burden of production," though "not a burden of persuasion," "to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam). If he is able to meet this burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.*; *see also* 18 U.S.C. § 3142(g) (identifying relevant factors to include (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger to the community posed by pre-trial release).

Here, the District Court concluded that Adams was unable to overcome the statutory presumption "given his involvement in acts of extreme violence and gang affiliation," District Court Order, ECF No. 24, a conclusion which we agree is amply supported by the record.[1] In particular, Adams was convicted as a youthful offender of assault in the first degree after he shot two individuals in 2012. After he was arrested for the 2012 shooting and while he was released on bail,

---

[1] The District Court made no finding about Adams's risk of flight, and Adams' arguments in the present motion are restricted to challenging the District Court's findings concerning dangerousness.

Adams again shot another person in 2014, for which he was convicted as an adult of attempted murder.  Moreover, while he was incarcerated for the offenses, he was disciplined for gang activity.

In these circumstances, and particularly in light of Adams's pattern of violence, the District Court committed no error, let alone clear error, in determining that Adams's proposed bail conditions — a $100,000 bond co-signed by three individuals, home incarceration with GPS monitoring, travel restrictions, the surrendering of all travel documents, and his relocation from the Bronx to Brooklyn — could not reasonably assure the safety of the community.

## CONCLUSION

We have considered all of Adams's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the District Court's September 14, 2021 order and **DENY** Adams's pending motion for bail filed on October 15, 2021.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3